[NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
United States Court of Appeals
For the First Circuit

No. 97-1516

DAVID DANIELS,

Plaintiff, Appellant,

v.

DIAMOND GIRL FISHERIES, INC.,

Defendant, Appellee.

No. 97-1709

DAVID DANIELS,

Plaintiff, Appellee,

v.

DIAMOND GIRL FISHERIES, INC.,

Defendant, Appellant.



APPEALS FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. George A. O'Toole, Jr., U.S. District Judge]

Before

Torruella, Chief Judge,
Aldrich, Senior Circuit Judge,
and Boudin, Circuit Judge.



Thomas M. Bond with whom David B. Kaplan and The Kaplan/Bond
Group were on brief for David Daniels.
Joseph A. Regan with whom Paige L. Tobin and Regan & Kiely LLPwere on brief for Diamond Girl Fisheries.

July 1, 1998

ALDRICH, Senior Circuit Judge. According to the
complaint filed March 18, 1996, plaintiff David Daniels, when
a member of the crew of the lobster vessel F/V DIAMOND GIRL,
injured his back, on or about April 1, 1993, as the result of
an incident in the pilot house with the captain. Either the
captain pushed him against a console on his way to the galley
for a cup of coffee (plaintiff's account), or plaintiff,
"horsing around," grabbed the captain from behind and they both
stumbled and plaintiff fell against a couch (captain's
account). Plaintiff had been with the vessel for some time
and, admittedly, had engaged in such horseplay with the captain
(without injury) on a prior occasion.
Plaintiff brought suit for negligence under the Jones
Act, 46 U.S.C. 688, as well as for unseaworthiness and
maintenance and cure. The jury found for the defendant on
negligence and unseaworthiness, and plaintiff appeals on the
ground that the court improperly admitted a recorded statement
of an absent witness under Fed. R. Evid. 804(b)(5), now Rule
807, substantially confirming the captain's testimony. On
these counts we affirm.
Without going into details, this ruling stretched the
residual hearsay exception, intended for exceptional occasions,
perhaps to the breaking point. But also, in our opinion, the
captain's account is so strong, when viewed against plaintiff's
extraordinary one, that we are not interested in a new trial
simply because it was, perhaps, wrongfully corroborated. 
Plaintiff's account was, "The captain came by me, pushed me out
of the way. And in the process of doing that, I banged my back
on the edge of the console and had nothing but trouble ever
since." Passing the fact that plaintiff waited two years and
11 months before suing, "nothing but trouble" consisted of
remaining with the DIAMOND GIRL, at a full percentage share,
for a year and a half, leaving, when her earnings decreased, to
go first with one, and then another, vessel, in each case
stating, in writing, that he was well and capable of doing a
full job. Equally, why would the captain leave the wheel, when
they were running a river to the dock, to enjoy a cup of
coffee, when he could readily have asked plaintiff to get him
one, or, at the least, put him at the wheel rather than shove
him against the console and depart? All this may have
happened, but we think one trial is enough.
There is a second matter, the jury's award of
maintenance and cure, which defendant appeals. Plaintiff's
demands, and the jury findings, may seem large, particularly
having in mind that he continued to work on board defendant's
vessel (and even signed a receipt for reimbursement for a
chiropractor, but denied having been paid), but the appeal was
not well taken. It reads, "from the Jury Verdict on Count III
of the plaintiff's complaint . . . and the court order denying
Judgment as a Matter of Law entered in this action . . . ." It
is elementary that one cannot appeal from a verdict, but only
from some order of the court, for example, denying a motion to
set the verdict aside as excessive. Defendant failed to file
such a motion. The motion for judgment as a matter of law was
procedurally proper, but substantively inappropriate because
there was at least some evidence in plaintiff's favor that
could have been credited.
Affirmed. No costs to either party.